PERRY, APPELLANT, *v.*
PERRY, APPELLEE.

(No. 82AP-514—Decided
August 31, 1982.)

Court of Appeals for
Franklin County.

*Ms. Leda M. Hartwell,* for appellant.
*Mr. Harold R. Kemp,* for appellee.

STRAUSBAUGH, J. This matter comes before the court on appellee's motion to dismiss and appellant's motion for leave to file a brief.

Appellant failed to file her brief within the twenty days provided by App. R. 18(A). Pursuant to App. R. 18(C), we have discretionary power to dismiss this appeal. Local R. 8(D) provides that appellant must "demonstrate that no undue delay and no prejudice to the appellee has been caused," by appellant's failure to file her brief timely.

In this case, the record was filed on June 24, 1982. Appellee filed his motion to dismiss on July 21, 1982. Appellant then filed a motion to supplement the record on July 26, 1982, which was granted by a judgment entry on July 28, 1982. Appellant filed a motion for leave to file her brief on August 6, 1982, and tendered her brief on August 12, 1982. Appellant stated in her motion that her failure to file a timely brief was due to inadvertence, to wit: she believed that the time would commence from the date when the record was supplemented.

Although appellant has not acted diligently, we do not find that dismissal is warranted in this case. In *Wilcox & Schlosser Co., L.P.A.* v. *O'Brien* (Feb. 4, 1982), No. 81AP-788, unreported, we were confronted with a situation where defendant failed to diligently prosecute his appeal and wherein we stated:

"Accordingly, appellant, while not acting diligently nor timely, has evinced an intent and effort to prosecute this appeal.

"While there has been undue delay, there is no apparent prejudice to appellee resulting from the undue delay. Under the circumstances of this case, the court finds that the interest of determining upon their merits appeals which have been prosecuted, even though untimely, justifies the granting of the appellant's motion to file his brief instanter out of rule, so long as all costs of the action to date are assessed against him, regardless of the outcome of the appeal upon its merits." *Id.* at 208.

Similarly, in this case, appellant has made an effort to prosecute this appeal albeit in an untimely manner. As this court noted in *Wilcox,* we prefer to determine appeals upon the merits. In this case, appellee has suffered no apparent prejudice as a result of the delay and

therefore, so long as appellant bears all costs of this action to date, regardless of the appeal's outcome, the motion to file a brief is sustained.

The motion to dismiss is overruled, and the motion to file a brief is sustained.

*Motion to dismiss overruled, motion to file brief sustained and costs assessed against appellant.*

WHITESIDE, P.J., and NORRIS, J., concur.