PIONEER CHEVROLET-CADILLAC, INC., APPELLEE, *v.* MOTOR VEHICLE DEALERS BOARD, BUREAU OF MOTOR VEHICLES, APPELLANT.

[Cite as Pioneer Chevrolet-Cadillac, Inc. *v.*
Motor Vehicle Dealers Bd. (1985),
17 Ohio St. 3d 50.]

(No. 84-1310—Decided April 24, 1985.)

52

*Fry & Waller Co., L.P.A., Carl B. Fry, Barry A. Waller* and *Rick L. Brunner,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *B. Douglas Anderson,* for appellant.

*Per Curiam.* The question posed by this appeal is whether the unchallenged admission of a criminal conviction in an administrative proceeding constitutes reliable, probative, and substantial evidence to support an order of an administrative agency. For the following reasons, we answer the question in the affirmative and reverse the judgment of the court of appeals.

Appellee insists that there was no evidence before the board that appellee was found guilty in Marietta Municipal Court and that, therefore, the board's findings are not supported by reliable, probative, and substantial evidence. Appellee relies heavily on Crim. R. 32(B) which provides:

"A judgment of conviction shall set forth the plea, the verdict or findings and sentence. * * * The judgment shall be signed by the judge and entered by the clerk."

Appellee correctly notes that the docket sheet from the Marietta Municipal Court does not contain a specific finding of guilt, although it does bear the plea, sentence, and judge's signature. As such, it is likely that the docket sheet admitted into evidence before the board may not constitute a judgment of conviction. Nevertheless, appellee's reliance on Crim. R. 32(B) is misplaced. R.C. 4517.33 does not require the production

of a judgment of conviction. Rather, all that is contemplated by R.C. 4517.33 is that the dealer in question "has been convicted of committing a felony or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles." Thus, the statute does not call for a *per se* rule to the effect that, in order to establish a violation of R.C. 4517.33, a judgment of conviction must be produced. It follows that R.C. 4517.33 allows for the establishment of a criminal conviction by means other than the production of a judgment of conviction.

This being true, the question then becomes whether the board's order is supported by reliable, probative, and substantial evidence. R.C. 119.12 authorizes appeals from administrative agencies to the courts of common pleas and states in part:

"Unless otherwise provided by law, in the hearing of the appeal the court is confined to the record as certified to it by the agency. * * *

"* * *

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

In order for the board to impose a sanction under R.C. 4517.33, it must be established that appellee was convicted of violating either a felony or a law relating to the selling of motor vehicles. Appellee does not dispute that a conviction for a violation of R.C. 4517.20(B) constitutes the type of violation covered by R.C. 4517.33. Thus, if it was shown that appellee was convicted of a violation of R.C. 4517.20(B), the board's sanction was proper.

While before the board, appellee's representative clearly admitted that appellee had been convicted in Marietta Municipal Court of employing and compensating an unlicensed salesperson. Possibly more significant, however, is the fact that, before the board, appellee in no way challenged or contested the existence of its conviction. That being the case, we are constrained to conclude that the record made at the board's hearing constitutes reliable, probative, and substantial evidence in support of the board's order.

First, appellee's concession that it had been convicted of violating the law with respect to employing an unlicensed salesperson is reliable. Borrowing the rationale for the hearsay exception found in Evid. R. 804(B)(3),[2] one is not likely to make a statement tending to expose himself

---

[2] Evid. R. 804(B) provides:

"The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"* * *

"(3) Statement against interest. A statement which was at the time of its making so far

to administrative sanctions unless the statement is believed to be true and is trustworthy. Second, appellee's admission of conviction is probative because the existence of the conviction establishes an allegation made by the board. Finally, we find that the evidence is substantial inasmuch as virtually all of the evidence concerning appellee's conviction came from appellee's own representative. Had appellee contested the fact of conviction and we were faced with the same record, perhaps our determination would have been different. Nevertheless, none of the evidence presented to the board is, in any way, inconsistent with or in contradiction to the board's finding that appellee was convicted of violating R.C. 4517.20(B) in Marietta Municipal Court.

As we stated in *Arlen* v. *State* (1980), 61 Ohio St. 2d 168, 175 [15 O.O.3d 190]:

"Additionally, it is noted that a party's testimony of facts subversive to his interests is alone sufficient to support a verdict."

Accordingly, for the foregoing reasons, the courts below erred by not upholding the board's order. The judgment of the court of appeals is therefore reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and JONES, JJ., concur.

JONES, J., of the Twelfth Appellate District, sitting for WRIGHT, J.

---

contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the truthworthiness of the statement."