**State Employment Relations Bd. v. Hubbard Township Trustees**
*[Cite as 7 AOA 497]*

*Case No. 89-T-4228*

*Trumbull County, (11th)*
*Decided October 19, 1990*

*Anthony J. Celebrezze, Jr., Ohio Attorney General and Wayne Kriynovich, Assistant Attorney General, State Office Tower, Room 1515, 30 East Broad Street, Columbus, Ohio 43266-0410, for Plaintiff-Appellant, State Employment Relations Board.*

*Paul L. Cox, Deborah L. Bukovan and Kay E. Cremeans, 222 East Town Street, Columbus, Ohio 43215, for Plaintiff-Appellant, Fraternal Order of Police, Ohio Labor Council, Inc.*

*John B. Juhasz, 7330 Market Street, Youngstown, Ohio 44512, for Defendant-Appellee, Hubbard Township Trustees.*

*Dennis Haines and Barry Laine, Dollar Bank Building, Fourth Floor, P.O. Box 849, Youngstown, Ohio 44501-0849, for Christine Resatar.*

FORD, J.,

Christine Resatar had been employed since 1981 as a dispatcher in the Hubbard Township police Department when she was laid off in September 1985 by the Hubbard Township Trustees, appellee. She subsequently filed an unfair labor practice action on April 14, 1986, before the State Employment Relations Board (SERB), alleging that appellee did not recall her because of her union activities.

The SERB investigated the charges and found that probable cause existed for instituting an action. On January 2, 1987, a complaint was issued. It was based upon a retaliation for Resatar's union activities, but it did not challenge appellee's failure to recall Resatar as an unfair labor practice.

Appellee filed an answer, moved to dismiss the complaint, and requested a hearing on the

motion to dismiss. The appellee, in its motion, maintained that the complaint was barred because she failed to bring her unlawful layoff charge within ninety days of the action which constituted the unfair labor practice.

The hearing was held on January 28, 1987. The Fraternal Order of police, (F.O.P.) appellant, which had intervened in the case on Resatar's behalf, at the hearing, moved to amend the complaint to include an allegation that the failure to recall Resatar was an unfair labor practice.

On February 4, 1987, the hearing officer proposed an order recommending that the motion to amend be denied and that the complaint filed by the SERB be dismissed. Both the Attorney General representing the SERB as the other appellant, and the F.O.P., submitted objections to the officer's proposed order. On April 23, 1987, the SERB rejected the hearing officer's recommendation, granted the motion to amend the complaint and directed that the cause be heard on the merits.

The matter was presented, on October 21 and 22, 1987, to the hearing officer who concluded that the layoff allegation was time-barred, but opined that appellee had acted unlawfully by failing to recall Resatar. The officer recommended that Resatar be reinstated and receive back pay from September 1986. (Resatar, pursuant to the terms of the collective bargaining agreement, was to be kept on the recall list for one year.)

SERB issued an order adopting the recommendations on October 26, 1988 to reinstate Resatar with back pay. The appellee appealed to the Court of Common Pleas on November 9, 1988. The court reversed the SERB's order concluding the Board was without jurisdiction over the matter as the complaint was not timely filed. Appellants appealed raising the following assignments of error:

"1. The court of common pleas erred by finding Resatar's unfair labor practice charge untimely.

"2. The court of common pleas erred by concluding that SERB improperly granted the union's motion to amend the complaint in the unfair labor practice proceeding before SERB to include an allegation that appellee unlawfully failed to recall Resatar from layoff in retaliation for her union activity.

"3. The court of common pleas erred by not affirming the board's order as supported by substantial evidence on the record as a whole and in accordance with law."

Initially, it should be noted that the underlying cause heard by the court of common pleas is governed by the rules codified in R.C. 4117.13. It provides that an aggrieved party may appeal the board's decision to the court of common pleas. Upon appeal to the trial court, "[T]he findings of the board as to the facts, if supported by substantial evidence on the record as a whole, are conclusive." R. C. 4117.13(D). Pursuant to section (A), "[T]he court may *** make and enter upon the pleadings, evidence, and proceedings set forth in the transcript a decree enforcing, modifying, *** or setting aside in whole or in part the order of the board."

In *Andrews v. Board of Liquor Control* (1955), 164 Ohio St. 275, the court examined the scope of review of the trial court. The court indicated that the review is based upon:

"All evidence offered before the board and such additional evidence as the court may admit, and must appraise all such evidence as to the credibility of witnesses, the probative character of the evidence and the weight to be given it, and, if from such a consideration, it finds that the board's order is not supported by reliable, probative and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order of the board. " Andrews, supra, at paragraph one of the syllabus. Then, in *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St. 2d 108, the court examined the trial court's ruling in such a "hybrid" appeal.

"'The legislative purpose, generally to authorize a Common Pleas Court to weigh the evidence on an appeal from an administrative agency, is indicated by other statutes, as well as by our decisions construing them. Thus, after the holding of this court in *Farrand v. State Medical Board* (1949), 151 Ohio St. 222, 85 N.E. 2d 113, the General Assembly amended what is now Section 119.12, Revised Code, to provide for such authority. Furthermore, in adopting Section 2506.04, Revised Code, in 1957, the General Assembly even used the words "preponderance of *** evidence to emphasize [sic] this purpose.'

"***

"In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the

evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are by no means conclusive." *Id.* at 111. (Citations omitted.)

Thus, under such a scenario, the common pleas court acts similarly to a reviewing court, and should not substitute its judgment for that of the board as long as the findings of the board are supported by substantial evidence.

In the first assignment, both appellants and *amicus curiae,* challenge the trial court 's ruling that the board was without jurisdiction to hear the complaint. R.C. 4117.11 *et seq.* provides the statutory basis for initiating an unfair labor practice complaint. R.C. 4117.12(B) provides that the SERB shall:

"*** [N]ot issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board, unless the person aggrieved thereby is prevented from filing the charge by reason of service in the armed forces, in which event the ninety-day period shall be computed from the day of his discharge."

As such, the aggrieved must complain to the board within ninety (90) days of the conduct which constitutes the improper conduct.

In this cause, the improper conduct was the appellee's failure to recall Resatar. With a discharge, the date of the allegedly retaliatory conduct is obvious, the date of the firing, and the statute establishes that date as the start of the statutory clock. However, under a scenario as in this cause, the date of an alleged failure to recall may not be as obvious. An employee may bring an unfair labor practice complaint for a number of reasons including retaliatory discharge *and* failure to recall. These two are not mutually exclusive as the aggrieved party may have multiple bases upon which to predicate the action. Both the layoff and failure to recall may be unlawful; the layoff unlawful and the failure to recall lawful; or the layoff and the failure to recall unlawful. Under these situations, a cause of action maintained upon the layoff must be brought within 90 days. However, an action whose foundation is the failure to recall would not accrue until the employer failed to recall the individual. Quite simply, while the initial layoff may have been lawful,

the subsequent failure to recall (which may not have occurred until ninety days after the layoff) appears to have provided the basis for the filing of the charge. The imposition of the statutory limitation from the initial date of the layoff, rather than the date of the wrongful conduct, the day of the failure to recall, is thus *non-sequitur.*

Additionally, the information which forms the basis of an unfair practice proceeding may not be available for some time after the actual date that the decision not to recall was made. Therefore, under such a scenario, the statute of limitations for an action instituted pursuant to R.C. 4117.12(B) should not commence until the party knew or should have known of the conduct which constituted the action.

In this cause, the record supports the conclusion that Resatar initiated her action within the ninety day limit specified in the statute for the filing of the charge of the unfair labor practice after she acquired knowledge of the failure to recall. She testified that in March 1986, she became aware that the appellee had begun to subcontract the police dispatching work with the city of Hubbard. She had read about the alleged agreement to subcontract the dispatching work in the local newspaper and had also attended city council meetings in March 1986. Furthermore, she was informed that the appellant had not received the funding until February of that year to pay for the dispatch work. She then instituted her suit in April 1986. This falls within the ninety-day time frame.

This is consistent with the result obtained in *Bd. of Edn. v. Civil Rights Comm.* (1981), 66 Ohio St. 2d 252. The court, citing from *State, ex rel. Local Union 377, v. Youngstown* (1977), 50 Ohio St. 2d 200, 203-204 noted:

"Normally, a cause of action does not accrue until such time as the infringement of a right arises. It is at this point that the time within which a cause of action is to be commenced begins to run. The time runs forward from that date, not in the opposite direction, and thus when one's conduct is not presently injurious a statute of limitations begins to run against an action for consequential injuries resulting from such act only from the time that actual damage ensues." *Bd. of Edn., supra,* at 256.

Thus, the second cause of action did not accrue until the appellee failed to recall Resatar. Independently, great deference must be

given to an administrative agency in interpreting one of its own statutes. *Lorain City School District Board of Education v. SERB* (1988), 40 Ohio St. 3d 257. In this cause, the board apparently concluded pursuant to the statute, a failure to recall constitutes a separate cause of action which did not accrue until the appellee failed to recall Resatar.

Finally, it should be noted that the trial court's conclusion that a time bar operates as a jurisdictional impediment is erroneous. A question focusing upon whether the action was commenced within the appropriate time limitations is a statute of limitation concern. It is an affirmative defense which must be raised by the defendant.

Conversely, a jurisdictional challenge questions the ability of the court to hear the action. It is also defined as the right and power of a court to adjudicate the matter before it. Thus, a court of tribunal must exercise jurisdiction before it can dismiss an action based upon a statute of limitations violation.

Clearly, the SERB had jurisdiction in this cause pursuant to R. C. 4117. *et seq.* Further, the board was correct in finding the failure to recall claim was timely brought.

The first assignment is sustained.

The trial court also concluded that the SERB erred by permitting an amendment to the original complaint. We conclude the trial court was incorrect.

As appellants note, R.C. 4117. 12(B)(1) provides that the complaint may be amended by the board "upon receipt of a notice from the charging party, *at any time prior to the close of the hearing."* (Emphasis added.) In this cause, the FOP filed a motion to amend the pleadings which was granted prior to the hearing. The statute permits such an amendment. Further, based upon the language contained therein, the amendment should be permitted freely as it does not contain any requirements similar to those contained within the Civil Rules for amendments of complaints.

The second assignment or error is sustained.

In the third assignment, appellants take issue with the trial court's findings. As noted in the first assignment, the trial court is not to substitute its judgment for that of the administrative board if the findings are supported by substantial evidence. Rather, the trial court assumes the role of a reviewing court and generally only examines the record to determine if the evidence presented supports the board's findings.

In this cause, from the opinion and journal entry, it appears that the court made "findings" as to when Resatar knew or should have known of the actions which constituted the unfair labor practice. Such is a question of fact which was determined by the board based upon a substantial evidential table. As such, the trial court erred in reversing the board on this issue. See, *Andrews* and *Univ. of Cincinnati, supra.*

The third assignment is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and remanded to reinstate the order of the State Employment Relations Board under the terms of which Resatar is restored to her former position with back pay from September 1986.

MAHONEY, P.J., and PRYATEL, J., concur.

PRYATEL, J., sitting by assignment.