GEISERT, Appellee,

v.

**OHIO MOTOR VEHICLE DEALERS BOARD, Appellant.**

[Cite as *Geisert v. Ohio Motor Vehicle Dealers Bd.* (1993), 89 Ohio App.3d 559.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–111.

Decided May 24, 1993.

*Paul H. Hentemann,* for appellee.

*Lee I. Fisher,* Attorney General, and *David B. Clouston,* Assistant Attorney General, for appellant.

CHRISTLEY, Judge.

Appellant, Ohio Motor Vehicle Dealers Board, appeals a June 19, 1992 judgment entry reversing appellant's December 20, 1991 adjudication order revoking James H. Geisert's status as a motor vehicle dealer.

Initially, on August 9, 1991, appellee was notified that he was being afforded an opportunity to have a hearing pursuant to R.C. Chapter 119 to determine whether his license as a motor vehicle dealer should be suspended or revoked.

On September 10, 1991, at appellee's request, a hearing was set, but appellee's attorney requested a continuance. The continuance was granted and a hearing was reset for November 26, 1991.

Appellee requested another continuance due to a trial set in an unrelated matter involving his attorney, which was denied.

The hearing went forward on November 26, 1991, with appellee not being represented by counsel.

Appellant issued the following findings of fact as a result of that hearing:

"1. Respondent is currently licensed as a motor vehicle dealer in the State of Ohio.

"2. On or about May 30, 1991, in the Lake County Court of Common Pleas, James Geisert plead [sic, pled] guilty to and was convicted of Trafficking in Drugs, a felony of the third degree, in violation of Section 2925.03 of the Ohio Revised Code.

"3. Checks which accompanied the 1989 and 1991 renewal applications for North American's dealer's license was [sic] returned to the Bureau of Motor Vehicles by the bank for insufficient funds."

Appellant also made the following conclusions of law:

"1. The violation of Section 2925.03 of the Ohio Revised Code and the returned checks are grounds for denial of the license pursuant to Section 4517.12(A)(3) of the Ohio Revised Code and Section 4501:1-3-09 of the Ohio Administrative Code.

"2. Violations of Section 4517.12(A)(3) of the Ohio Revised Code and Ohio Administrative Code Section 4501:1-3-09 constitute grounds for the revocation or suspension of the motor vehicle dealer's license pursuant to Section 4517.33 of the Ohio Revised Code."

Based on these conclusions, appellant ordered that appellee's license be revoked as of January 30, 1992.

On January 7, 1992, appellee appealed to the Lake County Court of Common Pleas pursuant to R.C. 119.12. Appellee contended that appellant's order was contrary to law in three respects: (1) appellant was not afforded an opportunity for counsel; (2) a one-time request for a continuance was arbitrarily denied; and (3) the findings by appellant were against the manifest weight of the evidence in that they were in violation of Ohio Adm. Code 4501:1-3-09(B).

Both parties submitted briefs. No other evidence was entered into the record. On June 19, 1992, the Lake Count Court of Common Pleas filed its judgment entry. In that judgment, the trial court reversed appellant's adjudication order.

Appellant timely appealed and now alleges two assignments of error:

"1. The Lake County Court of Common Pleas abused its discretion by substituting its judgment for that of appellant, in adopting its own erroneous interpretation of R.C. Section 4517.33, and in neglecting to apply Section 4501:1–3–09 of the Ohio Administrative Code.

"2. The Lake County Court of Common Pleas abused its discretion in not finding that the order of the Motor Vehicle Dealers Board was supported by reliable, probative, and substantial evidence."

As a preliminary matter, R.C. 119.12 sets out the standard of review to be used by the court of common pleas and states in part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * " See, also, *Cook v. Maxwell* (1989), 57 Ohio App.3d 131, 567 N.E.2d 292. This court similarly held in *Ravenna Restaurant, Inc. v. Ohio Liquor Control Comm.* (Nov. 2, 1990), Portage App. No. 90–P–2173, unreported, at 3, 1990 WL 170688:

"The trial court's role, under R.C. 119.12, is ' * * * beyond the strict constraints of review of questions of law, * * * ' rather its role is ' * * * a hybrid exercise in law and fact short of a trial *de novo*.' *Luxenberg v. Village of Burton Zoning Board of Appeals* (June 3 1983), Geauga App. No. 10977, unreported, at 5, 1983 WL 6130, citing *Andrews v. Board of Liquor Control* (1955), 164 Ohio St. 275 [58 O.O. 51, 131 N.E.2d 390]; *University of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108 [17 O.O.3d 65, 407 N.E.2d 1265]."

When an appeal is taken from the common pleas court, the appellate court treats it as it would any other civil appeal:

"The judgment of the [trial] court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency, shall proceed as in the case of appeals in civil actions, and shall be pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. * * * " R.C. 119.12; see, also, *Ravenna Restaurant* at 3–4.

In the first assignment of error, appellant specifically alleges that the Lake County Court of Common Pleas abused its discretion by adopting its own erroneous interpretation of R.C. 4517.33 and by failing to apply Ohio Adm.Code 4501:1–3–09.

Courts have held that an administrative agency must be given due deference in interpreting its own statutes. See *Lorain Cty. Bd. of Edn. v. State*

*Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260, 533 N.E.2d 264, 266; *Fraternal Order of Police, Ohio Labor Council, Inc. v. Hubbard Twp. Trustees* (1990), 68 Ohio App.3d 843, 848, 589 N.E.2d 1386, 1389; *Hydeck v. Suffield Twp. Bd. of Zoning* (Mar. 6, 1992), Portage App. No. 91–P–2319, unreported, 1992 WL 190164.

Appellant contends that the court of common pleas did not defer to appellant's interpretation of its own statutes.

R.C. 4517.33 states in part:

"The board may suspend or revoke any license or permit if the licensee or permit[t]ee has in any manner violated the rules issued pursuant to sections 4517.01 to 4517.65 of the Revised Code, or has violated section 4501.02 of the Revised Code, or has been convicted of committing a felony or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles."

The court of common pleas interpreted this to mean that a license may only be revoked if the felony also related to the selling, taxing, licensing or regulation of sales of motor vehicles.

In support of its interpretation, the trial court noted that:

"An examination of the language of the statute reveals that the word 'felony' is not separated by a comma from the following phrase, 'or violating any law.' It is therefore logical to conclude that the subsequent phrase 'that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles,' modifies not only the 'or violating any law' phrase, but the word, 'felony' as well."

Based on that analysis, the court of common pleas concluded that to the extent that appellant's license revocation was based on his conviction for trafficking in drugs, appellant had abused its discretion.

Appellant argues that its interpretation that a conviction of any felony suffices for revocation. First, appellant asserts that punctuation should not control. *Albright v. Payne* (1885), 43 Ohio St. 8, 14, 1 N.E. 16, 20.

Appellant then more convincingly argues that the common pleas court's interpretation would be redundant if the portion of the sentence beginning "any law * * * relat[ing] to the selling * * *," etc. was meant to modify "felony." In other words, if the clause beginning "any law" was meant to include felonies, the word "felony" was unnecessary and therefore redundant. The legislature could have achieved the same result without using the word "felony" by saying "or has been convicted of violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles."

Such a construction was not used and we must presume the usage of "felony" was intentional.

Moreover, Ohio Adm.Code 4501:1–3–09 states:

"(A) The registrar shall deny the application of any person for a motor vehicle dealer's license, distributor's license or auction owner's license or for the renewal of a motor vehicle dealer's license, distributor's license or auction owner's license *if the registrar finds that the applicant has been convicted of a felony,* except as provided below.

"(B) Paragraph (A) of this rule shall not apply if the conviction occurred prior to the effective date of this rule *and* was not related to the selling, taxing, licensing, or regulation of sales of motor vehicles, *and* if the applicant held a valid motor vehicle dealer's license, distributor's license or auction owner's license within twelve months immediately preceding the date of the application." (Emphasis added.)

Here the exception set out in division (B) is stated in the *conjunctive* and, thus, requires the presence of all three factors.

In other words, to be excepted, the offense has to relate to the selling, taxing, licensing, or regulation of sales of motor vehicles, *and* be before the effective date of the rule, *and* the person had to hold a valid motor vehicle dealer's license within twelve months; compliance with just one of the two requirements is not enough. Here, the appellee met two of the factors but failed to meet the requirement that the conviction had to occur *before* the effective date of the rule. Thus, division (B) did not apply and appellee was correctly evaluated by the sole standard set out in division (A)—had he been convicted of a felony.

We do not disagree that the cases cited seem to relate to the selling, taxing, licensing, or regulation of sales of motor vehicles, *e.g., Pioneer Chevrolet–Cadillac, Inc. v. Ohio Motor Vehicle Dealers Bd.* (1985), 17 Ohio St.3d 50, 17 OBR 42, 476 N.E.2d 1057 (license revoked due to a conviction under R.C. 4517.20[B], employing and compensating an unlicensed salesman); *Kiss v. Ohio Motor Vehicle Dealers Bd.* (1991), 76 Ohio App.3d 677, 602 N.E.2d 1250 (license revoked because dealer violated a number of licensing laws including posting no sign for business and posting no dealer's permit); *Lake Port VW, Inc. v. Ohio Motor Vehicles Dealers Bd.* (July 11, 1986), Lucas App. No. L–85–302, unreported, 1986 WL 7627 (license revoked for violating R.C. 4517.02[A][1], paying a commission or compensation to a salesman who is not licensed;) *Mathews v. Ohio Bur. of Motor Vehicles* (Apr. 21, 1986), Gallia App. No. 85CA7, unreported, 1986 WL 5235 (license revoked for rolling back the odometer on two or three vehicles); *Masterson v. Ohio Motor Vehicle Dealers Bd.* (June 4, 1981), Franklin App. No.

80AP–979, unreported, 1981 WL 3230 (license revoked for violating R.C. 4517.-02[A][1] ).

Nevertheless, although there is a dearth of case law applying R.C. 4517.33 to felonies in general rather than ones relating to the motor vehicle business, dicta in *Pioneer* would indicate that the Supreme Court believed that the felony at issue does not have to be related to the selling, taxing, licensing, or regulation of sales of motor vehicles.

There the court stated:

"In order for the board to impose a sanction under R.C. 4517.33, it must be established that appellee was convicted of violating *either* a felony *or* a law relating to the selling of motor vehicles." (Emphasis added.) *Pioneer*, 17 Ohio St.3d at 53, 17 OBR at 44, 476 N.E.2d at 1059.

By using the word "either" the court has interpreted the statute to mean one or the other. Again, the redundancy argument is applicable, as "felony" would be superfluous if the court really meant *any* law, including felonies which related to the sales, etc. of motor vehicles.

We find appellant's arguments and the Supreme Court's dicta in *Pioneer* persuasive that a license may be revoked on the basis of a felony *unrelated* to the automobile sales business.

Therefore, the first assignment has merit.

█ In the second assignment of error, appellant contends the court of common pleas abused its discretion in *not finding* that the order of the Motor Vehicle Dealers Board was supported by reliable, probative and substantial evidence.

As previously stated, the court of common pleas must affirm an administrative agency's order if it finds from the "entire record * * * that the order is supported by reliable, probative, and substantial evidence * * *." R.C. 119.12.

In this assignment, it is not exactly clear which evidence was not properly weighed by the court of common pleas. In fact, appellant notes in its brief that there is no specific reference in the opinion and judgment entry.

The only argument that is apparent is the trial court's conclusion that appellant erred in finding that appellee did not habitually default on financial obligations.

R.C. 4517.12(A)(3) states that a license may be denied if the applicant is found to habitually default on financial obligations.

Appellant found that the return of the checks accompanying appellee's 1989 and 1991 renewal applications to the Bureau of Motor Vehicles by the bank for insufficient funds was enough to constitute a habitual default in violation of R.C.

4517.12(A)(3). Thus, although there was reliable and probative evidence, it was *not* substantial enough to support appellant's order. The trial court did not abuse its discretion in reversing appellant's finding.

The second assignment is without merit.

The judgment of the trial court is reversed per the first assignment and the board's adjudication revoking appellant's status as a motor vehicle dealer is reinstated.

*Judgment accordingly.*

NADER, J., concurs.

FORD, P.J., concurs separately.

FORD, Presiding Judge.

I concur in the foregoing opinion; however, I write separately because my decision is founded, in part, upon two additional factors.

First, Ohio Adm.Code 4501:1–3–09 became effective in 1986. Since that time, the legislature has not taken any steps indicating that it views such rule as conflicting with the statute, R.C. 4517.33. This, coupled with the rule of law, recognized by the majority, that an administrative agency's interpretation of a statute is to be afforded great weight by the courts, leads me to a conclusion that the majority is reading the statute as the legislature intended.

Second, Ohio Adm.Code 4501:1–3–09(A) makes it clear that a dealer's license shall not be renewed if the dealer commits a felony. Such section does not contain the modifying language "that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles." Furthermore, division (A) applies only to a felony conviction not related to the selling, taxing, licensing or regulation of sales of motor vehicles if such conviction occurred after the rule's effective date. Ohio Adm.Code 4501:1–3–09(B). Thus, prior to his felony conviction, appellee was on notice by virtue of this provision that it would lead to revocation of his dealer's license, regardless of whether it related to the selling, etc., of motor vehicles.