[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Murray v. State Emp. Relations Bd.,* Slip Opinion No. 2018-Ohio-5131.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5131

THE STATE EX REL. MURRAY, APPELLANT, *v.* STATE EMPLOYMENT RELATIONS BOARD, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Murray v. State Emp. Relations Bd.,* Slip Opinion No. 2018-Ohio-5131.]

*Mandamus—Public employees—State Employment Relations Board did not abuse its discretion when it dismissed appellant's unfair-labor-practice charges as untimely—Court of appeals' denial of writ affirmed.*

(No. 2017-0550—Submitted April 10, 2018—Decided December 21, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-1007, 2017-Ohio-839.

_____

**DEWINE, J.**

{¶ 1} This is an appeal from the denial of a writ of mandamus. After being fired from his job as a Columbus police officer, David Murray sought to regain his job through arbitration involving the city and his union, the Fraternal Order of

Police ("FOP"). Murray became dissatisfied with the manner in which Columbus and the FOP handled his request for arbitration and ended up filing several unfair-labor-practice charges against the city and the union.

{¶ 2} The State Employee Relations Board ("SERB" or "the board") dismissed the charges as untimely. Murray challenged SERB's dismissal by filing a petition for a writ of mandamus in the Tenth District Court of Appeals. The court of appeals denied the writ, and we now affirm its judgment.

*Background: A firing, a grievance, a federal lawsuit,*

*four unfair-labor-practice charges, and a mandamus action*

{¶ 3} On September 4, 2008, Murray was fired from his job as a lieutenant with the Columbus Police Department. He filed a grievance challenging his termination. According to the collective bargaining agreement between the FOP and Columbus, only the union could initiate arbitration of grievances. The FOP moved to proceed to arbitration with the grievance on September 10, 2008. But nearly two years later, the arbitration still had not occurred. On September 3, 2010, Murray filed a suit in federal court alleging that the city and its public safety director had violated his rights by terminating him without due process and by depriving him of his right to be heard on his termination. *Murray v. Columbus*, S.D. Ohio No. 2:10-cv-00797.

{¶ 4} After the federal case was filed, the parties continued to engage in discussions about an arbitration date. According to Murray, an arbitration was set for November 15, 2010, but the city cancelled six days before. And in December 2010, the FOP's attorney sent an e-mail to Murray requesting dates for arbitration. On January 18, 2011—with the parties still unable to agree on a date—Murray filed two unfair-labor-practice charges. ULP No. 2011-ULP-01-0027 ("ULP-0027") was filed against the city, alleging that it had collaborated with the FOP "to delay the timely arbitration of the grievance and collaborated to deny [Murray] timely resolution requiring [Murray] to needlessly expend funds." Murray made the same

claim in charge No. 2011-ULP-01-0028 ("ULP-0028") against the FOP, adding that "[b]y delay, the union is coercing [Murray] to not exercise his right to an arbitration."

{¶ 5} While the unfair-labor-practice charges were pending, Murray's federal court case moved forward. During a conference on June 23, 2011, the attorneys for the city and the FOP told a federal magistrate that Murray's grievance challenging his termination had been settled in July 2010. Murray received a copy of the settlement on September 29, 2011, and subsequently filed two more unfair-labor-practice charges—No. 2011-ULP-12-0330 ("ULP-0330") and No. 2011-ULP-12-0331 ("ULP-0331")—against the city and the FOP. The charges alleged that the city and the FOP had "collaborated to falsify evidence of a settlement agreement and deprive [Murray] of his arbitration."

{¶ 6} SERB dismissed all the unfair-labor-practice charges, concluding that they had been filed outside the 90-day statute of limitations applicable to each charge. Murray filed a petition for a writ of mandamus to compel the board to set the charges for hearing. The court of appeals denied the writ, finding that SERB had not abused its discretion when it dismissed the charges as untimely. Murray then appealed to this court.

*The statutory framework*

{¶ 7} An Ohio statute, R.C. 4117.11(A), defines certain actions taken by a public employer and its agents and representatives to be "unfair labor practices." Murray alleges that the city violated the statute by establishing "a pattern or practice of repeated failures to timely process grievances and requests for arbitration of grievances," R.C. 4117.11(A)(6), and by causing or attempting "to cause an employee organization, its agents, or representatives" to engage in unfair labor practices, R.C. 4117.11(A)(8). Under R.C. 4117.11(B)(1), it is an unfair labor practice for an employee organization to "[r]estrain or coerce employees in the exercise of the rights guaranteed" in R.C. Chapter 4117. Murray asserts a violation

of this provision of the statute in his claim that the FOP collaborated with the city to thwart his ability to arbitrate his grievance.

**{¶ 8}** When a charge alleging an unfair labor practice is filed, SERB must investigate the charge and determine whether there is probable cause to believe a violation occurred. R.C. 4117.12(B). If so, "the board shall issue a complaint and shall conduct a hearing concerning the charge." *Id.* But "[t]he board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board" unless that time is tolled because the employee is serving in the armed forces. *Id.* "The ninety-day time period does not commence until the charging party knew or should have known of the conduct which constituted the improper conduct and actual damage ensued." *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 184, 677 N.E.2d 343 (1997), citing *Fraternal Order of Police, Ohio Labor Council, Inc. v. Hubbard Twp. Trustees*, 68 Ohio App.3d 843, 847, 589 N.E.2d 1386 (11th Dist.1990). Here, SERB dismissed the four charges as untimely. The board further found there was no probable cause for ULP-0028. Murray takes issue with the board's findings regarding timeliness.

*Review of SERB's dismissal is available in mandamus*

**{¶ 9}** SERB's decision to dismiss an unfair-labor-practice charge for untimeliness is not reviewable on direct appeal. *State ex rel. Tritt v. State Emp. Relations Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, 779 N.E.2d 226, ¶ 6. "Mandamus, however, is available to remedy an abuse of discretion by SERB in dismissing unfair labor practice charges." *Id.* We consider whether SERB abused its discretion in dismissing Murray's unfair-labor-practice charges as untimely.

*No abuse of discretion in dismissing ULP-0027 and ULP-0028*

**{¶ 10}** On January 18, 2011, Murray filed ULP-0027 and ULP-0028 alleging that the city and the FOP had unduly delayed the arbitration of his grievance. He contends that the charges were timely because negotiations to set a

4

date for arbitration were ongoing on that day. In his view, there was no point prior to the filing of these unfair-labor-practice charges at which he was aware or should have been aware that he had been damaged by the delay in setting the arbitration date. The court of appeals, however, concluded that at the very least, Murray knew or should have known of the alleged unfair labor practices and should have known of the harm as of the date he filed his federal lawsuit—September 3, 2010. We agree.

{¶ 11} In his federal complaint, Murray asserted in part that the city "deprived and continues with the calculated intent to deprive the Plaintiff of Due Process to be heard on his termination." Thus, by the date he filed the lawsuit he knew of the improper delay of his arbitration, which was the basis of his charge that the city and the FOP had "collaborated to delay the timely arbitration of the grievance * * *." Moreover, on the date that he filed his federal lawsuit, Murray knew or should have known of the actual damage that he claimed in the unfair-labor-practice charges. The charges alleged that he "was forced to incur legal expenses and file a federal [law]suit under 42 USC § 1983 action [sic] so as to preserve his two year statute of limitations." Because Murray filed ULP-0027 and ULP-0028 more than 90 days after he filed his federal lawsuit, we conclude that SERB did not abuse its discretion when it dismissed the charges as untimely.

*No abuse of discretion in dismissing ULP-0330 and ULP-0331*

{¶ 12} On December 21, 2011, Murray filed ULP-0330 and ULP-0331 alleging that the city and FOP had collaborated to falsify evidence of the settlement agreement. Because the dates referenced in the charges—September 4, 2008 (the date Murray was terminated), September 3, 2010 (the date Murray filed his federal lawsuit), and July 2010 (the date the FOP and the city allegedly reached a settlement)—were more than 90 days before the date of filing, the labor-relations specialist reviewing the charges told Murray that the charges would be dismissed

unless he provided "information and/or allegations that would toll the statute of limitations." In response, Murray filed amended charges that stated:

> [Murray] was terminated from his position as a lieutenant of police 9/4/2008. [Murray] filed a grievance against the Respondent Employer. The grievance was to be arbitrated by agreement between the Employer and FOP Lodge 9, the labor organization. No arbitration occurred. On September 29, 2011, FOP Lodge 9 and City of Columbus sent [Murray's] Counsel a settlement agreement between the two resolving [Murray's] grievance without an arbitration. [Murray] had filed suit in federal Court in September 2010 to preserve a 42 USC §1983 SOL. On June 23, 2011 the FOP and City for the first time, represented to the federal Magistrate that the grievance had been resolved in July 2010. Both represented that the Settlement Agreement (SA) would be produced in two weeks. [T]he document was produced 9/29/11. The City and the FOP collaborated to falsify evidence of a settlement agreement and deprive [Murray] of his arbitration.

{¶ 13} Based on the statement of facts provided in the amended charges, there are two possible dates upon which the unfair labor practices alleged in ULP-0330 and ULP-0331 occurred—either June 23, 2011 (when the FOP and the city informed the federal court that the grievance had been settled in July 2010) or September 29, 2011 (when the signed settlement agreement was produced). That SERB dismissed the charges as untimely following the filing of the amended charges indicates that it determined that the alleged unfair labor practice occurred on June 23, 2011, a date clearly outside the 90-day limit for unfair-labor-practice charges. *See* R.C. 4117.12(B).

6

**{¶ 14}** Murray argues that he was not damaged until September 29, because he could not "grieve" the settlement agreement until it was signed. But according to his amended charges, his complaint was that the city and the FOP falsified evidence of a settlement agreement and deprived him of his arbitration. And as of June 23, when he learned that the FOP and the city were representing that his grievance had been settled, Murray knew or should have become aware that the FOP and the city would not be arbitrating his grievance. SERB's determination that the alleged unfair labor practice occurred on June 23 did not amount to an abuse of discretion.

*Conclusion*

**{¶ 15}** We conclude that SERB did not abuse its discretion when it dismissed Murray's unfair-labor-practice charges. We therefore affirm the court of appeals' judgment denying a writ of mandamus.

Judgment affirmed.

O'DONNELL, KENNEDY, and DEGENARO, JJ., concur.

O'CONNOR, C.J., concurs in part and dissents in part, with an opinion joined by FRENCH and FISCHER, JJ.

_____

**O'CONNOR, C.J., concurring in part and dissenting in part.**

**{¶ 16}** I concur with the majority in the decision to affirm the dismissal of unfair-labor-practice charge Nos. 2011-ULP-01-0027 and 2011-ULP-01-0028. However, I dissent from the court's disposition of charge Nos. 2011-ULP-12-0330 ("ULP-0330") and 2011-ULP-12-0331 ("ULP-0331").

**{¶ 17}** The court today decides that all of David Murray's unfair-labor-practice charges should be dismissed, but the record does not compel this result. Because the majority indulges in an unwarranted assumption about the date and event that triggered Murray's claims, I dissent from that aspect of the decision.

**{¶ 18}** SERB "may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board." R.C. 4117.12(B). Here, SERB dismissed ULP-0330 and ULP-0331 but did not indicate when it believes the unfair labor practices alleged in those charges occurred. The court today *assumes* that SERB must have regarded June 23, 2011, to be the relevant date. But that cannot be a correct conclusion.

**{¶ 19}** In ULP-0330 and ULP-0331, Murray alleged that the Fraternal Order of Police ("FOP") and the city of Columbus collaborated to thwart his arbitration demand by falsifying a settlement agreement regarding his September 2008 grievance against the city. It is true that Murray knew, on June 23, 2011, that such a settlement agreement allegedly existed. But he did not know its content or terms until he saw the actual document on September 29, 2011. Indeed, the settlement agreement was not signed by the FOP and the city until September 29.

**{¶ 20}** "The ninety-day time period [for filing an unfair-labor-practice charge] does not commence until the charging party knew or should have known of the conduct which constituted the improper conduct *and* actual damage ensued." (Emphasis added.) *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 184, 677 N.E.2d 343 (1997). As of June 23, Murray knew he likely had been deprived of his arbitration, but he could not conclusively establish the deprivation, or that he suffered any actual damages, until the contract was signed by all parties and made available to him on September 29. Up to that point, the existence of an unfair labor practice and any potential ensuing harm were speculative. The FOP and the city could have reached an impasse at any point prior to signing the agreement and instead opted to move forward with the arbitration. In fact, Murray had particular reason for hope that the arbitration would still proceed, because a hearing date was allegedly set for November 2010 and cancelled six days before, and the FOP's attorney asked Murray in December 2010 what dates he was available for a hearing in early 2011. Both the cancellation and the request

happened *after* the city and the FOP allegedly agreed to settle the grievance in July 2010, providing Murray a reasonable basis to believe that the arbitration could still happen. And even if Murray was certain the arbitration would not go forward as of June 23, 2011, the terms of the pending settlement might have been at least as favorable to him as what he might have achieved in arbitration. Indeed, if he *had* filed a complaint on June 23, it would have been subject to challenge as being premature precisely because he would have been unable to allege any unfair labor practice or actual damage.

**{¶ 21}** Here, the majority is merely speculating as to what factual conclusion SERB *may* have reached. Rather than guess, in prior cases we have required SERB "to give some explanation of its finding of untimeliness." *State ex rel. Ohio Assn. of Pub. School Emps./AFSCME, AFL-CIO v. State Emp. Relations Bd.*, 64 Ohio St.3d 149, 152-153, 593 N.E.2d 288 (1992) (granting a limited writ of mandamus directing the board "to consider all the facts and circumstances of th[e] case relevant to the question of timeliness, and to issue some explanation setting forth its reasoning"). In my judgment, we should remand the matter to the board for an explanation of its decision.

**{¶ 22}** I therefore dissent from this aspect of the court's decision.

FRENCH and FISCHER, JJ., concur in the foregoing opinion.

_____

Daniel H. Klos, for appellant.

Michael DeWine, Attorney General, and Michael D. Allen, Assistant Attorney General, for appellee.

_____