Plaintiff appellant, Leroy Hutchins, appeals from a May 17, 1993 decision of the Montgomery County Court of Common Pleas granting summary judgment in favor of defendant-appellees, Delco Chassis Systems, GMC ("Delco"). Because we find that the trial court failed to properly consider expert testimony that raised an issue of fact as to whether Hutchins' injuries were caused by an accident that occurred during the course of his employment, we reverse the judgment and remand the case for further proceedings.
 I.
On January 31, 1989, LeRoy Hutchins was involved in an accident while working at a Delco industrial plant. The Industrial Commission allowed Hutchins' worker's compensation claim for a chronic anterolateral left ankle sprain. On February 26, 1993, Hutchins filed a request to amend his claim to include injuries to his neck, shoulders, hands, and back. On August 8, 1994, the Industrial Commission denied that motion. That decision was then affirmed by a Staff Hearing officer on November 9, 1994. An appeal to the Industrial Commission was then denied on December 5, 1994. On March 1, 1995, Hutchins filed a notice of appeal and a complaint with the common pleas court. His complaint was later dismissed without prejudice.
Hutchins re-initiated his appeal from the decision of the Industrial Commission, by filing a pro se complaint on September 20, 1996. On February 14, 1997, Hutchins submitted an amended complaint, by leave of court, through trial counsel. On May 19, 1997, Delco filed a motion for summary judgment. Hutchins' counsel filed a memorandum in opposition to the motion on June 6, 1997. On July 10, 1997, the trial court granted Delco's motion.
Hutchins filed a timely notice of appeal, through counsel, on June 18, 1997. On August 21, Hutchins' counsel moved this court to permit his withdrawal, stating in an affidavit attached to his motion that Hutchins no longer wished to be represented by him. We granted the motion. Hutchins then failed to file a timely appellant's brief. On September 12, Delco moved this court to dismiss the instant appeal or, in the alternative, set a due date for appellant's brief. On September 24, we overruled the motion to dismiss, but granted the alternative motion, setting a deadline of twenty days for Hutchins to file an appellant's brief.
 I.
On October 14, Hutchins filed a hand-printed, single-spacedpro se brief in which he raises neither assignments of error nor issues presented for review. The brief makes no reference to the record, to relevant case authorities, or to statutes. It is, for the most part, a barely comprehensible sequence of allegations against Hutchins' trial counsel, Delco's counsel, and Delco. Furthermore, the brief entirely fails to conform with the requirements of App.R. 12(A), 16(A), and 19, which govern the proper form for appellants' briefs.
In response to Hutchins' brief, Delco raises the following as a cross-assignment of error:
 Contrary to Ohio App.R. 16, Plaintiff, LeRoy Hutchins ("Hutchins"), has not set forth any assignments of error or issues for review in his brief.
 We acknowledge that the Rules of Appellate Procedure bind all parties before this court — not only litigants who retain counsel, but also pro se litigants. See Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209, 210. Nevertheless, it is a "basic tenet of Ohio jurisprudence that cases should be decided on their merits." Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3. Thus, this court has, on occasion, in the interest of fairness, chosen to grant pro se appellants some latitude in reviewing briefs that failed to conform the appellate rules. E.g., Xenia v. Boehman (1996), 114 Ohio App.3d 78, 79; State Farm Mut. Auto. Ins. Co. v. Collins
(Dec. 6, 1995), Montgomery App. No. 14931, unreported, at 1.; State v. Kielar (April 19, 1996), Miami App. No. 95-CA-34, unreported, at 2. In other cases, however, pro se appellants have submitted briefs in such gross non-conformity with the rules that this court would not, or could not, review the lower court's judgment for error. See, e.g., Indian Lookout Apts. v. Metz (Feb. 16, 1996), Montgomery App. Nos. 14863, 15023, unreported, at 1. Mr. Hutchins' brief tests the limits of this court's leniency to pro se litigants.
However, it is evident that Hutchins objects to the grant of summary judgment in his case. In his brief, Hutchins states the following:
 I AM ASKING THE COURT OF APPEALS[,] SECOND APPELLATE DISTRICT[,] TO DISMISS JUDGMENT FILED BY DELCO CHASSIS SYSTEMS GMC * * *. DO [sic] TO THE FACTS STATED ABOVE UNDER OATH AND THE ATTACHED EXHIBITS WILL PROVE THAT THERE IS A GENUINE MATERIAL FACTS FOR TRIAL[.]
 An appellate court has "discretionary power to consider the appeal" of an appellant who fails to abide by the appellate rules. Kiss v. Ohio Motor Vehicle Dealers Bd. (1991), 76 Ohio App.3d 677, 678. See also App.R. 3(A)("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."); App.R. 12(A)(2) ("The court may disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based * * *." (Emphasis added.)). In the instant case, we will exercise that discretion by treating the above-quoted statement as appellant's assignment of error. Pursuant to App.R. 12(A), we will disregard all the remaining averments and arguments in the brief.
The factual statements and exhibits that Hutchins contends will show the impropriety of summary judgment are, for the most part, attempts to introduce evidence not in the record from below. We will not consider such evidence. See Lamar v. Marbury (1982)69 Ohio St.2d 274, 278. Appellant did, however, attach to his brief a copy of the deposition of his expert witness, Dr. William West, an orthopaedic surgeon. That deposition was part of the trial record. We will, therefore, review the propriety of the trial court's decision in regard to that particular evidence. Delco has treated this question fully in its appellee's brief. Thus, it suffers no prejudice by our decision to proceed in this manner. Accordingly, appellee's cross-assignment of error is overruled.
 II.
Courts of appeal review determinations of summary judgment denovo. See Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v.Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64, 66. The party opposing summary judgment is entitled to have the evidence construed most strongly in its favor. Id. The party seeking summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 5 Ohio St.3d 280, 293. Once the moving party has met that burden, the nonmoving party has a reciprocal burden of showing that a genuine issue of material fact does exist. Id. at 294.
In the case sub judice, Delco supported its motion for summary judgment with the deposition of Dr. West. Delco noted that Dr. West was appellant's only expert witness. The company contended that Dr. West's opinion testimony was inadmissible as to whether Mr. Hutchins injuries, other than his ankle injury, arose from the January 31, 1989 accident. Dr. West stated repeatedly that his opinion about causation relied on what Mr. Hutchins had told him. Delco contended that such an opinion was not admissible under Evid.R. 702, and, because Hutchins lacked any other expert testimony regarding causation, he could not prove all the elements of his claim. Thus, Delco argued, summary judgment was warranted.
Hutchins' trial counsel responded by submitting a memorandum in opposition to the motion. Attached to the memorandum was Hutchins' own affidavit stating that he had injured his hands, shoulders, and back in the accident at the Delco plant. Also attached, was a letter written to plaintiff's counsel by Dr. West showing that the Doctor relied on more than Mr. Hutchins' story in reaching his opinions. The letter showed that Dr. West had also examined Hutchins and reviewed his medical records.
The trial court found that Dr. West's letter was inadmissable for the purposes of Civ.R. 56. Lacking that letter, the court found that there was no other evidence showing that Dr. West's opinion was based on "reliable, scientific, technical, or other specialized information" as required under Evid.R. 702(C). Accordingly, the court found that no genuine issue of material fact existed regarding causation. Thus, it granted Delco's motion for summary judgment.
Even without the letter, however, there is evidence from Dr. West's testimony during deposition that he not only took Hutchins' statement, but also performed a physical evaluation and reviewed his medical records. We note the following instances:
 Q. How long does it take to conduct a disability evaluation?
 A. I usually, by the time I take a history, review the chart and do physical examination, review X-rays and dictate the report, it's usually an hour to an hour and a half.
* * *
 Q. Are you able to give a diagnosis of the injuries which Mr. Hutchins sustained to his back as a result of the January 1989 accident?
 A. Well again, subsequent to X-rays and MRI studies that showed a definite abnormality involving both the lumbrosacral area, where he had evidence of disk herniation, and at the 9/10 level he had degenerative changes that resulted in or are seen to be present in his lower lumbar area. I'm sorry, dorsal area.
* * *
 Q. * * * [O]ther than what he says, is there any basis for your diagnosis that Mr. Hutchins sustained the injury which he described as a result of the January 1989 accident? My question related to his neck.
 A. Again, he stated that he had the neck problems, and with that the X-rays confirmed the fact that he had an abnormality there. And the patient complained of associated finger numbness, which frequently is related to a ligamentous injury, on a temporary basis. He did not have evidence of a cervical disk herniation on MRI studies, as I recall.
 Delco contends that Dr. West acted as a "mere parrot" for Mr. Hutchins. Given these and numerous other instances in the record, that characterization appears grossly unfair to both the appellant and to his expert witness. Apparently agreeing with Delco, the trial court found that there was "no `reliable, scientific, technical, or other specialized information' upon which Dr. West's expert testimony as to causation is based." That finding was inconsistent with the rule requiring courts to view evidence in a light most favorable to the party opposing the motion. See Harless, 54 Ohio St. 2d at 66.
The staff notes to the July 1, 1994 amendment of Evid.R. 702, which added the reliability test of 702(C) comment that "the inquiry as to reliability is appropriately directed, not to the correctness or credibility of the conclusions reached by expert the witness, but to the reliability of the principles and methods used to reach those conclusions." We agree that a doctor, who — in offering his opinion — does no more than recapitulate what his patient tells him, employs an unreliable methodology. Nevertheless, the record unquestionably shows that Dr. West did not employ such a method. If Ohio courts considered the examination of a patient, review of his medical records, and the taking of his history to be an unreliable methodology, the bulk of all medical testimony would be inadmissible. We do not see any evidence in the deposition transcript that Dr. West varied from the methods that other orthopaedic surgeons would use in making a disability evaluation. Orthopaedics is simply not the kind of "junk science" or unproven theory that Evid.R. 702(C) was drafted to exclude. See McCubbin v. Michigan Ladder Co. (1996), 112 Ohio App.3d 639,645 (finding error in lower court's determination that visual inspection by an engineer constituted an unreliable method under 702(C)). We find, therefore, that the trial court erred in its application of the rule in the instant case.
Delco argues in its appellee's brief, however, that nothing in the medical records or the examination could show that Hutchins' injuries were caused by the 1989 accident and not some other intervening event or sickness. Thus, Delco claims, the doctor was unable to testify about causation without relying wholly upon Hutchins' relation of his own medical history. Delco supports this argument by citing several instances in the deposition transcript in which the doctor showed how much he relied on Hutchins' relation of events. The following is a typical example:
 Q. What facts do you rely upon for the conclusion that Mr. Hutchins injured his neck in the January 1989 accident, as opposed to any other accident or malady which may have befell [sic] him either before or after the accident?
A. By history alone.
 From this, Delco contends that Dr. West's testimony was inadmissable to prove causation. Then, because some competent medical evidence is required to prove causation in a worker's compensation case (see Fox v. Industrial Commission of Ohio (1955), 162 Ohio St. 569, 576-77), Delco argues that Hutchins lacked sufficient evidence of causation to survive summary judgment.
We do not find Delco's argument convincing. First, merely because an expert predicates his opinion upon facts not within his personal knowledge, it does not mean that his testimony is not relevant to the determination of a summary judgment motion. As this court once explained:
 [W]hen the opinion of an expert is submitted in opposition to a motion for summary judgment, and it is predicated upon facts not lying within the expert's personal knowledge, but upon facts concerning which others must testify, the opinion is but one link in a chain of evidence, and the trial court must determine whether the entire chain creates a genuine issue of fact. An expert giving an opinion not based upon his personal knowledge is in effect giving hypothetical testimony — "If A, B, and C are true, then, based upon my expertise in the area of fire causation, the defendant's act proximately caused the fire." A genuine issue of material fact concerning proximate cause is only created by this kind of opinion testimony if the plaintiff presents some independent evidence of A, B, and C.
 Pennsylvania Lumbermens Ins. Corp. v. Landmark Elec., Inc.
(1996), 110 Ohio App.3d 732, 739. The predicate upon which Dr. West relied was Mr. Hutchins' assertion that he was injured in a fall on January 31, 1989 and that his current medical problems stemmed from that fall. Hutchins' assertion was independently entered into the record by affidavit. Moreover, the trial court found that Hutchins' relation of his medical history to Dr. West was admissible as a statement made for the purposes of medical diagnosis, under Evid.R. 803(4). Thus, there was a chain of evidence, in this case, capable of creating an issue of fact as to causation.
Second, Dr. West's testimony shows that he did not rely wholly upon Hutchins' history. His opinion was also supported by the consistency of Hutchins' injuries with his version of events, as in the following colloquy:
 Q. Within a reasonable degree of medical probability what injury did Mr. Hutchins sustain to his back in the January 1989 industrial accident.
 A. Well, he complained of back pain. And on further documentation of his entire problem by CAT scan and MRI studies that were subsequently done, he had a bulged and partially herniated L5-S1 disk.
 It is true that Dr. West, throughout his deposition, refused to give an opinion as to causation "within a reasonable degree of medical certainty" without referring first to Mr. Hutchins' history. As already noted, however, the doctor was permitted to base his opinions upon that history. Furthermore, when that history was assumed, the doctor was willing to express his opinion "within a reasonable degree of medical certainty." Thus, his testimony was admissible under the rule that expert testimony regarding causation "must be expressed in terms of probability." Stinson v. England
(1994), 69 Ohio St.3d 451, 456.
Finally, given the evidence of causation provided by Dr. West's testimony, Mr. Hutchins was not required to disprove every possibility of there being some unspecified intervening cause for his injuries. A party opposing summary judgment only bears the burden of setting forth some evidence to create a material issue of fact. See Civ.R. 56(E). Dr. West's testimony was sufficient to do so in this case. We find, therefore, that the trial court erred in granting summary judgment in Delco's favor.
For the foregoing reasons, we sustain the assignment of error that we have recognized in the exercise of our discretion. Having done so, however, we express our reservations about the utility of resuscitating a claim for which the claimant has shown so little regard. Appellant's reckless tendency to act pro se and his complete inattention to the rules of this court force us to question the value of expending further judicial resources in the consideration of that claim. Nevertheless, because we find error in the grant of summary judgment, we reverse the judgment of the trial court and remand the case for further proceedings
Judgment Reversed and Cause Remanded.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
LeRoy Hutchins
Edna V. Scheuer
Scott A. King
Hon. Dennis Langer