**JUREK et al., Appellants,**

v.

**OHIO MOTOR VEHICLE DEALERS BOARD, Appellee.**

[Cite as *Jurek v. Ohio Motor Vehicle Dealers Bd.* (1994), 99 Ohio App.3d 437.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66373.

Decided Dec. 5, 1994.

*Yelsky & Lonardo Co., L.P.A.,* and *Mitchell J. Yelsky,* for appellants.

■■■■■■■■■■■■■■■■■■■■■■■■

*Lee Fisher*, Attorney General, and *David B. Clouston*, Assistant Attorney General, for appellee.

———————

DYKE, Judge.

Plaintiff-appellant, Frederick K. Jurek, Jr., appeals from a judgment of the court of common pleas which affirmed the denial of his used motor vehicle dealer license by the Ohio Motor Vehicle Dealers Board, defendant-appellee herein, due to a felony conviction occurring after December 8, 1986. In a single assignment of error, appellant claims that the trial court erred in affirming the denial of his application because R.C. 4517.12(B) and Ohio Adm.Code 4501:1–3–09, which deny licenses to felons convicted after December 8, 1986 but allegedly permit licensure to felons convicted before that date, violate his right to equal protection. Upon review, we find appellant's assignment of error to be without merit. The judgment of the trial court is affirmed.

The facts of the instant case are undisputed. On September 16, 1991, appellant pled guilty to two counts of theft (R.C. 2913.02), both felonies of the fourth degree. On April 27, 1992, the Registrar of the Bureau of Motor Vehicles denied appellant's application for renewal, as such application required the appellant to disclose felony convictions occurring after 1986. On May 8, 1992, appellant appealed the denial. On September 29, 1992, subsequent to a hearing, appellee affirmed the registrar's denial. On October 1, 1993, the trial court affirmed appellee's denial and the instant appeal followed.

"The trial court erred as a matter of law in upholding the denial of Jurek's license denial because R.C. § 4517.12(B) and O.A.C. § 4501:1–3–09 violate Jurek's fundamental right to equal [protection] of the law as guaranteed by Article I, § 2 of the Ohio Constitution, and the Fourteenth Amendment to the United States Constitution."

■■■ In his sole assignment of error, appellant claims that R.C. 4517.12(B) and Ohio Adm.Code 4501:1–3–09 violate his right to equal protection because they treat felons differently, to wit, they automatically deny licenses to felons convicted after December 8, 1986 but allegedly permit licenses to felons convicted prior to that date.[1] Appellant also claims that the above-cited statute and administra-

———————

1. R.C. 4517.12(B) provides in relevant part that:

"If the applicant is a corporation or partnership, *the registrar may refuse to issue a license if any officer, director, or partner of the applicant has been guilty of any act or omission that would be cause for refusing or revoking a license issued to such officer, director, or partner as an individual. The registrar's finding may be based upon facts contained in the application* or upon any other information he may have. Immediately upon denying an application for any of the reasons in this section, the registrar shall enter a final order together with his findings

tive rule are not rationally related to the legitimate state interest of protecting consumers from fraudulent or dishonest sales practices because they classify on the basis of date of conviction rather than on the seriousness of the felony involved. Accordingly, appellant argues that murderers and rapists who were convicted prior to 1986 will be able to obtain licenses while individuals convicted of lesser felonies after 1986 will be denied licenses. Appellant's arguments are unpersuasive.

"In adjudicating an equal protection claim against state action which discriminates among classes, *a mere rationality test is to be employed where neither a fundamental interest nor a suspect class is involved. Massachusetts Bd. of Retirement v. Murgia* (1976), 427 U.S. 307, 312 [96 S.Ct. 2562, 2566, 49 L.Ed.2d 520, 524]. Thus, under this test, *a classification must be upheld as constitutionally permitted unless its assailant demonstrates that it is not rationally related to the furthering of any legitimate state interest.* See, *e.g., Vance v. Bradley* (1979), 440 U.S. 93, 96–97 [99 S.Ct. 939, 942–943, 59 L.Ed.2d 171, 175–176]." (Emphasis added.) *State ex rel. Ohio Civ. Serv. Emp. Assn. v. Stackhouse* (1981), 1 Ohio App.3d 121, 123, 1 OBR 428, 430, 439 N.E.2d 936, 938.

"As a practical matter, the rational basis test requires that *a legislative classification, albeit imperfect or discriminatory, will not be set aside if any set of facts reasonably may be conceived to justify it. Evans v. Chapman* (1986), 28 Ohio St.3d 132, 135 [28 OBR 228, 231, 502 N.E.2d 1012, 1015], citing *McGowan v. Maryland* (1961), 366 U.S. 420, 425–426 [81 S.Ct. 1101, 1105, 6 L.Ed.2d 393, 398–399]." (Emphasis added.) *Stasiuk v. Cleveland* (Apr. 28, 1988), Cuyahoga App. No. 53718, unreported at 9–10, 1988 WL 39293, appeal dismissed as having been improvidently allowed (1989), 43 Ohio St.3d 612, 539 N.E.2d 633, upon remand (1991), 72 Ohio App.3d 35, 593 N.E.2d 427.

Appellant does not dispute that the "rational basis test" is the appropriate level of scrutiny to be applied to this matter of economic regulation. Nor does he dispute the fact that the appellee has a legitimate state interest in protecting citizens from dishonest and or fraudulent sales practices. Appellant merely asserts that these laws are unconstitutional because they treat felons differently, using date of conviction rather than seriousness of conviction as classifying

---

and certify the same to the motor vehicle dealers' and salespersons' licensing board." (Emphasis added.)

Ohio Adm.Code 4501:1–3–09 provides in relevant part that:

"(A) *The registrar shall deny the application* of any person for a motor vehicle dealer's license, * * * or for the renewal of a motor vehicle dealer's license * * * *if* the registrar finds that *the applicant has been convicted of a felony,* except as provided below. [Emphasis added.]

"(B) Paragraph (A) of this rule shall not apply if the conviction occurred prior to the effective date of this rule and was not related to * * * motor vehicles * * *." (The effective date of Ohio Adm.Code 4501:1–3–09 is December 8, 1986.)

criteria. Appellant's argument is unpersuasive because it fails to acknowledge the fact that the above-cited statutory scheme furthers a legitimate state interest.

R.C. 4517.12(B) and Ohio Adm.Code 4501:1–3–09 operate to automatically deny licenses to recently convicted felons. Such denial clearly reduces the number of felons engaging in automotive sales transactions. Consequently, the legitimate state interest of reducing the risk of consumer exposure to possibly unscrupulous sales practices is effectuated. That appellee has sought to further this interest by imposing a temporal priority to license denial does not violate appellant's equal protection rights, as appellee has demonstrated that such prioritization is rationally related to reducing consumer exposure to unscrupulous motor vehicle dealers.

Appellee argues in its brief that applicants who have committed felonies prior to 1986 are better risks to hold dealer licenses than applicants who have committed felonies after 1986. Appellee reasons that the greater the period of time between a felon's conviction date and his or her license application date, the more likely it is that he or she is not a habitual felon and has had time for rehabilitation. Appellee also argues that absence of a conviction after 1986 demonstrates that the applicant has been able to live in compliance with the law for a substantial period of time. We agree. Moreover, awarding recently convicted felons licenses to pursue lucrative careers in the field of automotive sales would be against public policy. We find R.C. 4517.12(C) and Ohio Adm. Code 4501:1–3–09, which automatically deny dealer licenses to recently convicted felons, to be rationally related to furthering the legitimate state interest of reducing consumer exposure to fraudulent or dishonest automotive sales practices.

Appellant's argument that temporal classification permits murders and rapists convicted before December 8, 1986 to obtain licenses is unfounded. R.C. 4517.33 provides for the suspension and/or revocation of licenses regardless of the type of felony or the date of conviction.[2] R.C. 4517.33 provides in relevant part that:

*"The board may suspend or revoke any license or permit if the licensee or permittee* has in any manner violated the ruled issued pursuant to sections 4517.01 to 4517.65 of the Revised Code or has violated section 4501.02 of the Revised Code, *or has been convicted of committing a felony* or violating any law that in any way relates to the selling, taxing, licensing, or regulation of sales of motor vehicles." (Emphasis added.)

---

**2.** See *Geisert v. Ohio Motor Vehicle Dealers Bd.* (1993), 89 Ohio App.3d 559, 626 N.E.2d 960, wherein the Lake County Court of Appeals, construing R.C. 4517.33 and Ohio Adm.Code 4501:1–3–09, held that a dealer's license may be revoked on the basis of a felony unrelated to the automobile sales business.

Hence, R.C. 4517.12(B) and Ohio Adm.Code 4501:1–3–09, which mandate denial to felons convicted after 1986 and R.C. 4517.33, which permits denial to felons convicted before 1986, operate to subject the entire class of felons to license prohibition. The fact that post–1986 felons are subjected to automatic rather than discretionary denial does not violate appellant's equal protection rights, as appellee has demonstrated that automatic denial of licenses reduces the number of possibly unscrupulous dealers operating in the state.

■ It is generally recognized that when a legislative body chooses to correct a given evil it need not correct all the evil at once, but may proceed step by step. *State v. Buckley's Auto Wrecking* (1968), 16 Ohio St.2d 128, 134, 45 O.O.2d 469, 473, 243 N.E.2d 66, 71. As we held in *Stasiuk, supra*, "a legislative classification, *albeit imperfect or discriminatory*, will not be set aside if any set of facts reasonably may be conceived to justify it." *Stasiuk, supra*, at 9–10. It is not irrational for a legislative body to predicate license regulation on the assumption that the more recent the felony conviction, the greater the justification for automatic denial.

Appellant's sole assignment of error is overruled. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, C.J., concurs.

HARPER, J., dissents.

HARPER, Judge, dissenting.

I respectfully dissent from the majority opinion, as the state has failed miserably to justify the rational basis for this unwarranted discrimination between two classes of people equally situated. It is my opinion that both R.C. 4517.12(B) and Ohio Adm.Code 4501:1–3–09 are unconstitutional, and I will explain below.

R.C. 4517.12(B) provides in relevant part as follows:

"If the applicant is a corporation or partnership, the registrar *may* refuse to issue a license if any officer, director, or partner of the applicant has been guilty of any act or omission that would be cause for refusing or revoking a license issued to such officer, director, or partner as an individual. The registrar's finding may be based upon facts contained in the application or upon any other information he may have. Immediately upon denying an application for any of the reasons in this section, the registrar shall enter a final order together with his findings and certify the same to the motor vehicle dealers' and salespersons' licensing board." (Emphasis added.)

The statute gives too much discretion to the registrar without a guideline, and that is troubling. The registrar is free to deny one corporation a license to operate an automobile dealership for the crimes of its officers while nothing stops the same registrar from granting another corporation license, even if the officers have committed the same offense as those in the denied corporation. Even though R.C. 4517.12(B) appears neutral, its application invites discrimination, courtesy of the legislature.

Ohio Adm.Code 4501:1–3–09 reads:

"(A) The registrar shall deny the application of any person for a motor vehicle dealer's license, distributor's license or auction owner's license or for the renewal of a motor vehicle dealer's license, distributor's license or auction owner's license if the registrar finds that the applicant has been convicted of a felony, except as provided below.

"(B) *Paragraph (A) of this rule shall not apply if the conviction occurred prior to the effective date of this rule* and was not related to the selling, taxing, licensing, or regulation of sales of motor vehicles, and if the applicant held a valid motor vehicle dealer's license, distributor's license or auction owner's license within twelve months immediately preceding the date of the application." (Emphasis added.)

The law remains that the standard for reviewing a challenge to the constitutionality of a legislative enactment that does not impinge upon a fundamental right is whether it bears any rational basis to the state's interest. *Massachusetts Bd. of Retirement v. Murgia* (1976), 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520; *Lindsley v. Natl. Carbonic Gas Co.* (1911), 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369. The majority outright holds that the denial in the instant case does not impinge upon a fundamental right. I beg to differ. It seems to me that a denial of a right to make a living creates an undue hardship and impinges on a fundamental right especially in this case where appellant was already in the business which he has been denied the right to continue. But since appellants did not argue on the issue of the application of the administrative code to his fundamental right, I will not make the argument for them.

Appellants' main challenge is the application of Ohio Adm.Code 4501:1–3–09, which as is enacted does violate the Equal Protection Clause. It does not rationally explain why a person convicted of a felony before the enactment of the code is a better citizen to hold a dealer's license than a person convicted after the enactment. Thus, while the state can legitimately deny licenses to convicted felons, *Geisert v. Ohio Motor Vehicle Dealers Bd.* (1993), 89 Ohio App.3d 559, 626 N.E.2d 960, it cannot discriminate between felons based only on the date of conviction without showing a rational basis for such classification.

The majority states and I am not persuaded that:

"The fact that post–1986 felons are subjected to automatic rather than discretionary denial does not violate appellant's equal protection rights, as appellee has demonstrated that automatic denial of licenses reduces the number of possibly unscrupulous dealers operating in the state."

This justification to uphold the statute and the administrative code is not rational, as I cannot imagine how the state can justify allowing its citizens to associate with one set of felons by declaring them good felons because they were convicted earlier while declaring others bad felons solely because they were convicted later. It seems to me that the judgment as to who are good or bad felons should fall on the citizens.

One unscrupulous dealer is one too many and if the state is serious about reducing the number of felons who sell automobiles, it should do so by denying licenses to all. If a state law is to be respected and obeyed by its citizens, then such law must be a neutral two-edged sword cutting one and all alike.

While Ohio Adm.Code 4501:1–3–09(B) is unconstitutional as it discriminates between two felons, the power of the state to deny felons licenses remains a legitimate state exercise of its police powers, which must be applied evenly.

Accordingly, I dissent.