BOB KRIHWAN PONTIAC–GMC TRUCK, INC., Appellant,

v.

GENERAL MOTORS CORPORATION, Appellee.

[Cite as *Bob Krihwan Pontiac–GMC Truck, Inc. v. Gen. Motors Corp.* (2001), 145 Ohio App.3d 671.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–317.

Decided Sept. 20, 2001.

*Phillips Law Firm, Inc., Robert S. Kasier;  Paxton & Associates* and *Robert C. Paxton II,* for appellant.

*Jones, Day, Reavis & Pogue, Jeffrey J. Jones* and *Douglas M. Mansfield;*  and *Paul Zavala,* for appellee.

TYACK, Judge.

On January 31, 1997, and pursuant to R.C. 4517.54(B), General Motors Corporation ("GM") sent Bob Krihwan Pontiac–GMC Truck, Inc. ("dealership") a certified letter notifying the dealership of GM's intent to terminate the Dealers Sales and Service Agreement ("franchise agreement") between it and the dealership.  The basis for the proposed termination was the felony conviction of Robert

Krihwan, the majority shareholder of the dealership. The dealership filed a protest of the proposed termination with the Motor Vehicle Dealers Board ("board"), asserting that GM did not have good cause to terminate the franchise agreement.

A hearing was conducted before a hearing examiner. On December 1, 1999, the hearing examiner issued a report and recommendation, concluding that GM had good cause to terminate the franchise agreement based on Krihwan's felony conviction for tax evasion.[1] Accordingly, the hearing examiner recommended that the dealership's protest be denied.

On January 3, 2000, the board adopted the hearing examiner's report and recommendation by operation of law. On January 5, 2000, the dealership appealed the board's order to the Franklin County Court of Common Pleas. On this same date, the dealership filed a motion to stay the board's order pending the appeal. GM filed a memorandum contra.

On January 19, 2000, the common pleas court rendered a decision denying the dealership's motion for a stay. The dealership filed a motion for reconsideration, which was denied on February 18, 2000.

The dealership appealed the denial of the motion for a stay to this court. On January 30, 2001, this court affirmed the common pleas court's denial of the motion to stay the board's order. The dealership's application for reconsideration was denied.

In the interim, the parties filed briefs with the common pleas court on the merits of the appeal from the board's order. On March 13, 2001, the common pleas court rendered a decision and judgment entry affirming the board's order.

On March 15, 2001, the dealership filed a notice of appeal to this court. On March 27, 2001, the dealership filed an application for a stay or an injunction of the common pleas court's judgment. The dealership asserted that it was GM's intention to terminate the franchise agreement on March 29, 2001, absent a stay. On March 28, 2001, this court denied the dealership's motion for a stay or an injunction pending appeal. The dealership appealed to the Supreme Court of Ohio and filed a motion for an immediate stay of our decision denying a stay or an injunction. The Supreme Court denied the motion on April 4, 2001.

On May 9, 2001, GM filed a motion to dismiss the instant appeal. The dealership has filed a memorandum contra. GM asserts that this appeal is moot because, pursuant to the board's finding that good cause existed to terminate the franchise agreement, it terminated the franchise agreement on March 29, 2001.

---

1. The report and recommendation were filed with the board on December 3, 1999.

GM contends that the franchise agreement no longer exists, and this appeal is therefore moot.

The dealership argues, in part, that it sought a stay of the board's order from the common pleas court but that this was denied, and this court subsequently affirmed the denial. The dealership contends that granting GM's motion to dismiss would effectively deprive the dealership of its administrative appeal rights.

█ It is a well-established principle of law that a satisfaction of judgment renders an appeal from such judgment moot. *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249. Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, fraud has not intervened, *and the judgment is voluntarily paid and satisfied*, payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment. *Rauch v. Noble* (1959), 169 Ohio St. 314, 316, 8 O.O.2d 315, 159 N.E.2d 451, quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.* (1927), 116 Ohio St. 361, 156 N.E. 188, paragraph three of the syllabus.

█ The issue presented here centers on the voluntariness of the so-called satisfaction of the judgment. The dealership did not voluntarily "satisfy" the judgment herein. We acknowledge that this case is somewhat different from an ordinary civil action wherein judgment is rendered, for example, in favor of one party for an amount of money. In such case, the judgment is satisfied, in essence, by the losing party's paying the money. Here, the judgment of the board, affirmed by the common pleas court, was simply that under R.C. 4517.54, GM had good cause to terminate the franchise agreement. The judgment was not for the termination itself of such agreement. However, pursuant to the judgment, GM had the right to terminate the franchise agreement, which it apparently did on March 29, 2001, during the pendency of this appeal.

Obviously, this "satisfaction" was not voluntary on the part of the dealership. Courts have stated that a party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment's being satisfied. See *Hagood v. Gail* (1995), 105 Ohio App.3d 780, 790, 664 N.E.2d 1373, discretionary appeal not allowed in (1996), 74 Ohio St.3d 1499, 659 N.E.2d 314; *Harbourtown Properties, Inc. v. Citizens Fed. Bank* (Nov. 10, 1997), Franklin App. No. 97APE03–328, unreported, 1997 WL 710510, citing *Kelm v. Hess* (1983), 8 Ohio App.3d 448, 8 OBR 572, 457 N.E.2d 911; *LaFarciola v. Elbert* (Dec. 8, 1999), Lorain App. No. 98CA007134, unreported, 1999 WL 1215115, discretionary appeal not allowed in (2000), 88 Ohio St.3d 1492, 727 N.E.2d 599. In the case at bar, the dealership attempted to gain a stay of the

board's order but was unsuccessful. GM was then able to proceed to unilaterally terminate the franchise agreement.

The fact that the dealership did not successfully gain a stay of the board's order does not render the termination of the franchise agreement, arguably a satisfaction of the judgment, voluntary on the part of the dealership. Indeed, the dealership, unlike the appellants in the cases cited above, did attempt to stay the board's order and, therefore, did not voluntarily satisfy the judgment.

In addition, appellant points out that unlike stays issued under Civ.R. 62, which can be obtained as a matter of right if an adequate bond is given, stays sought under R.C. 119.12 require that the court find "unusual hardship" to the appellant. In affirming the common pleas court's denial of the dealership's motion for a stay, this court stated that one factor in determining whether an unusual hardship has been shown is whether the appellant can show a strong or substantial likelihood of success on the merits. *Bob Krihwan Pontiac–GMC Truck, Inc. v. Gen. Motors Corp.* (2001), 141 Ohio App.3d 777, 783, 753 N.E.2d 864. While we do not take issue with the standard applied in determining unusual hardship, we do recognize the result in a situation, such as the one presented here, where a requested stay cannot be obtained and the judgment is satisfied during the pendency of an appeal on the merits. In such a situation, the ruling on the stay request in effect determines the merits of any possible appeal from the underlying administrative order.

Notwithstanding this, however, the mootness principle set forth in *Rauch* and *Lynch* requires that the satisfaction of judgment be voluntary. Here, appellant attempted to gain a stay of the board's order but was unsuccessful. Hence, the "satisfaction" obtained by GM in the form of terminating the franchise agreement was not voluntary on the part of the dealership. Therefore, the instant appeal is not rendered moot.

In addition, GM argues that this appeal is barred by the doctrine of *res judicata*. GM asserts that the dealership did not appeal this court's affirmance of the stay denial to the Supreme Court, and GM was therefore able to proceed with the termination of the franchise agreement. GM argues that, accordingly, the dealership is barred by *res judicata* from arguing in this appeal that the termination was improper.

■ GM's arguments are not well taken. The issue in the previous appeal to this court was whether the denial of a stay was proper. The issues here involve the merits of the underlying administrative order. Therefore, the doctrine of *res judicata* is not implicated.

For all of the above reasons, GM's motion to dismiss the appeal is denied.

We now address the merits of the dealership's appeal. The dealership (hereinafter "appellant") has assigned the following errors for our consideration:

"1. The court of common pleas erred in failing to remand this case to the dealers board[.]

"2. The court of common pleas erred by finding that the finding of 'good cause' for termination was supported by reliable, probative and substantial evidence[.]"

In its first assignment of error, appellant contends that the common pleas court should have remanded the matter to the board so that the board could exercise its discretion in determining whether good cause had been shown by GM (hereinafter "appellee"). Appellant asserts that the board's order was based on the common pleas court decision in *Gen. Motors Corp. v. Ohio Motor Vehicle Dealers Bd.* (Jan. 29, 1999), Franklin C.P. No. 97CVF–06–6045, unreported ("*Zinn*"). In that case, the common pleas court held, in essence, that a felony conviction constitutes good cause *per se* to terminate a franchise agreement. Appellant states that given this decision, the board had no choice but to adopt the hearing examiner's recommendation that good cause existed, thus removing any discretion on the board's part to find otherwise.

Appellant, however, points out that *Zinn* was appealed, and this court held in that appeal that a felony conviction merely *may* serve as good cause to terminate. *Gen. Motors Corp. v. Monte Zinn Chevrolet Co.* (2000), 136 Ohio App.3d 157, 736 N.E.2d 62, discretionary appeal not allowed in (2000), 88 Ohio St.3d 1515, 728 N.E.2d 403. Hence, appellant contends that the common pleas court here should have remanded the instant case to the board so that the board could exercise its discretion in determining whether good cause had been shown. For the reasons that follow, we find that the common pleas court did not err in failing to remand the matter to the board.

Appellant's argument assumes that the board did not exercise its discretion when it adopted the hearing examiner's recommendation. The hearing examiner's report and recommendation were adopted by the board by operation of law. Hence, the report and recommendation became the board's order. The report and recommendation did not conclude that Krihwan's felony conviction constituted good cause as a matter of law. Indeed, the report and recommendation, as adopted by the board, is sixty-three pages long. This report was issued after the common pleas court's decision in *Zinn* but before the appellate decision. In the report, it was noted that appellee, as a result of the common pleas court decision in *Zinn*, had filed a motion to dismiss appellant's protest. The hearing examiner denied appellee's motion, stating that R.C. 4517.55 required him to consider all of the statutory factors therein. (Report and recommendation at 2.) Further, the hearing examiner noted that because no evidence had been presented on these

factors, he had ordered a hearing. The hearing was held, culminating in the sixty-three-page report and recommendation.

The report included thirty pages of a summary of the evidence presented and eleven findings of fact. In the findings of fact, the hearing examiner discussed, among other things, the felony conviction and the facts leading up thereto, the dealership business, including sales figures, and appellee's plans to continue a dealership in the area. The hearing examiner set forth the factors contained in R.C. 4517.55(A) and stated that the board was required to consider these nine factors in determining good cause. The hearing examiner thereafter addressed each of the nine factors and their particular impact, if any, on his determination. In addition, the hearing examiner considered the "existing circumstances," as is also required under R.C. 4517.55(A).

The hearing examiner clearly considered the factors in R.C 4517.55(A) and not simply the felony conviction itself. Indeed, in his conclusion, the hearing examiner stated:

"After reviewing *all the evidence* produced by the parties at record hearing, plus the depositions filed post-hearing, *considering all the factors set forth in R.C. § 4517.55(A), and for the reasons set forth herein,* the Hearing Examiner finds that Respondent General Motors Corporation, Pontiac–GMC Division, has set forth good cause to terminate its dealer franchise agreement with Bob Krihwan Pontiac–GMC Truck, Inc. under R.C. § 4517.54. Based upon the applicable case law and statutory provisions, the Hearing Examiner finds that Protestant's conviction for tax evasion, a felony under federal law, constitutes good cause to terminate the franchise agreement. * * *" (Emphasis added.) Report at 62.

We note that the hearing examiner did not conclude that a felony conviction automatically constitutes good cause. Rather, it was clearly the totality of the evidence and circumstances in this particular case that led to a finding of good cause. Hence, the hearing examiner's report and recommendation, as adopted by the board, was not based solely upon the felony conviction itself or on the common pleas court's decision in *Zinn.* Therefore, the common pleas court in the case at bar did not err in failing to remand the matter to the board.

Accordingly, appellant's first assignment of error is overruled.

In its second assignment of error, appellant contends that the common pleas court erred in concluding that the board's order was supported by reliable, probative, and substantial evidence. As to the standard of review, a common pleas court determines whether the agency's decision is supported by reliable, probative, and substantial evidence and is in accordance with law. *Gen. Motors*

*Corp. v. Joe O'Brien Chevrolet, Inc.* (1997), 118 Ohio App.3d 470, 482, 693 N.E.2d 317. In general, a common pleas court must give due deference to the agency's findings of fact. *Id.* This court's review is limited to whether the common pleas court abused its discretion, which involves not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. While a reviewing court must defer to the agency's findings of fact, it construes the law on its own. *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591.

■ Appellant asserts that the evidence as a whole does not support a finding of good cause. Appellant points out that R.C. 4517.55(A) does not mention felony convictions as a factor in determining good cause. Appellee contends that one factor alone can constitute good cause and that the hearing examiner sufficiently considered all the evidence in making his determination. R.C. 4517.55(A) states:

"In determining whether good cause has been established by the franchisor for terminating * * * a franchise, the motor vehicle dealers board shall take into consideration the existing circumstances, including, but not limited to:

"(1) The amount of retail sales transacted by the franchisee during a five-year period immediately preceding such notice as compared to the business available to the franchisee;

"(2) The investment necessarily made and obligations incurred by the franchisee to perform its part of the franchise;

"(3) The permanency of the franchisee's investment;

"(4) Whether it is injurious or beneficial to the public interest for the franchise to be modified or replaced, or the business of the franchisee disrupted;

"(5) Whether the franchisee has adequate motor vehicle sales and service facilities, equipment, vehicle parts, and qualified service personnel to reasonably provide for the needs of the consumers for the motor vehicles handled by the franchisee, and is rendering adequate service to the public;

"(6) Whether the franchisee fails to fulfill the warranty obligations of the franchisor required to be performed by the franchisee;

"(7) The extent and materiality of the franchisee's failure to comply with the terms of the franchise and the reasonableness and fairness of the franchise terms;

"(8) Whether the owners of the new motor vehicle dealer had actual knowledge of the facts and circumstances upon which termination is based;

"(9) Whether the proposed termination constitutes discriminatory enforcement of the franchise agreement."

As appellant points out, none of the factors listed above mentions felony convictions. However, it does not follow that such cannot be a consideration. R.C. 4517.55(A) states that the board must take into consideration the existing circumstances, which include, *but are not limited to*, the nine factors. Hence, nothing in R.C. 4517.55 precludes the board from considering a certain circumstance, whether or not expressly listed, including the fact that an owner of a dealership is a convicted felon and the circumstances surrounding such.

Further, in *Monte Zinn Chevrolet Co., supra*, at 165, 736 N.E.2d 62, this court stated that R.C. 4517.55 does not require express consideration of each of the enumerated circumstances. In addition, we stated that nothing in R.C. 4517.55 indicates that more than one factor must weigh in favor of a good cause determination. *Id.* Appellant distinguishes the facts in *Monte Zinn Chevrolet Co.* from the facts in the case at bar by pointing out that it, as opposed to the dealership in *Monte Zinn Chevrolet Co.*, was an outstanding, model dealership. That may have been so. However, as this court stated in *Monte Zinn Chevrolet Co.*, more than one factor need not be present (nor absent) in order to support a good cause finding. Again, nothing in R.C. 4517.55(A) states that a certain number of factors must exist in order to find good cause.

█ Here, the hearing examiner concluded that Krihwan's felony conviction constituted good cause. In addition, the hearing examiner found that for the reasons set forth in his report, appellee had good cause to terminate the franchise agreement. Specifically, the hearing examiner found that under R.C. 4517.55(A)(4), the public interest would be better served by not allowing a convicted felon to remain a dealer. (Report and recommendation at 50.) The hearing examiner further found that under R.C. 4517.55(A)(7), the felony conviction constituted a material breach of the franchise agreement and that the provision in the agreement relating to termination for a felony conviction was reasonable and fair. *Id.* at 52–54. Pursuant to R.C. 4517.55(A)(8), the hearing examiner found that Krihwan certainly was aware of the facts underlying his conviction and that the other owner was aware of the conviction itself. *Id.* at 54–56. Finally, under R.C. 4517.55(A)(9), the hearing examiner found that appellee had a uniform policy of terminating any dealer who was convicted of a felony; hence, there was no discriminatory enforcement by appellee of the terms of its franchise agreements. *Id.* at 56–57.

In addition, the hearing examiner considered the "existing circumstances" as required in R.C. 4517.55(A). Such circumstances included the fact the Krihwan engaged in fraudulent, unlawful activity over a three-year period. Such unlawful activity consisted of his creating a special account at the dealership to hold funds

derived from the business. Krihwan used these funds for his personal use and failed to report this as income on his federal tax returns. This activity led to his conviction for felony income tax evasion. *Id.* at 46.

Hence, the hearing examiner found that several factors weighed in favor of a good cause determination. These factors related to the felony conviction and the facts and circumstances underlying it. As discussed above, this was permitted under R.C. 4517.55 and the case law interpreting it. Such facts and circumstances provided more than a sufficient basis to find good cause. Therefore, the common pleas court did not abuse its discretion in concluding that the board's order was supported by reliable, probative, and substantial evidence. In addition and for the reasons discussed above, the board's order was in accordance with law.

Accordingly, appellant's second assignment of error is overruled.

Having overruled appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LAZARUS and KENNEDY, JJ., concur.