OPINION
{¶ 1} On November 30, 1999, PremierBank Trust, now known as FirstMerit Bank, N.A. ("FirstMerit"), filed a complaint in the Franklin County Court of Common Pleas against several defendants, including John N. Wells. Mr. Wells and two others had guaranteed a promissory note which had been executed by A-2-Z Services, Inc. ("A-2-Z"), representing a $50,000 loan from FirstMerit to A-2-Z. FirstMerit averred that A-2-Z had defaulted on the note. Counts One and Two of the complaint sought judgment against Mr. Wells, the other guarantors, and A-2-Z, jointly and severally, in the amount of $26,708.40 plus late fees, costs, interest and attorney fees.
{¶ 2} Also on November 30, 1999, and pursuant to a confession of judgment clause/warrant of attorney clause, Mr. Wells, the other guarantors and A-2-Z filed an answer and confession of judgment, admitting all of the allegations in Counts One and Two of the complaint and consenting to final judgment against them. On this same date, the trial court entered judgment against Mr. Wells and the others for $26,708.40 plus late fees of $601.44, attorney fees of $1,800 and interest of $1,148.11 as of November 29, 1999, with interest accruing thereafter.[1]
{¶ 3} FirstMerit began garnishment proceedings.
{¶ 4} On December 17, 1999, Mr. Wells filed a motion for relief from judgment and a motion for a stay. A hearing was held before a magistrate. At the hearing, the parties agreed to a stay of any further execution of the judgment until the motion for relief from judgment was decided.
{¶ 5} On January 28, 2000, the magistrate issued a decision recommending that the motion for relief from judgment be denied. Mr. Wells filed objections to the magistrate's decision. On January 28, 2002, the trial court rendered a decision and entry sustaining in part and overruling in part Mr. Wells's objections to the magistrate's decision. The trial court adopted the magistrate's decision denying Mr. Wells's motion for relief from judgment but vacated the $1,800 attorney fees award. A final judgment entry was journalized on February 12, 2002. FirstMerit resumed proceedings to execute the judgment against Mr. Wells. On February 26, 2002, Mr. Wells filed a notice of appeal from the trial court's February 12, 2002 judgment denying his motion for relief from judgment.
{¶ 6} On March 13, 2002, Mr. Wells paid FirstMerit the remaining amount due on the judgment in full.
{¶ 7} Mr. Wells has set forth numerous assignments of error going to the merits of the judgment taken against him. However, FirstMerit has filed a motion to dismiss the appeal, arguing the appeal is moot based on Mr. Wells's satisfaction of the judgment. Mr. Wells has opposed the motion, arguing that the payment was less than voluntary, in part, because some of the funds were obtained through execution on the judgment and because FirstMerit threatened further proceedings to execute on the judgment.
{¶ 8} It is well-established that a satisfaction of judgment renders an appeal from such judgment moot. Bob Krihwan Pontiac-GMC Truck, Inc. v. Gen. Motors Corp. (2001), 145 Ohio App.3d 671, 675, citing Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245. Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, fraud has not intervened, and the judgment is voluntarily paid and satisfied, payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment. Rauch v. Noble (1959),169 Ohio St. 314, 316, quoting Lynch v. Lakewood City School Dist. Bd. of Edn. (1927), 116 Ohio St. 361, paragraph three of the syllabus.
{¶ 9} Here, the main issue raised by Mr. Wells involves whether or not he voluntarily satisfied the judgment. Mr. Wells asserts that he paid the judgment for financial reasons, to avoid further collection actions, for reasons relating to his credit, to avoid accrual of further postjudgment interest and to avoid the "embarrassment" of wage garnishment. However, these reasons do not amount to a showing of lack of voluntariness in the context of satisfying a judgment. No one enjoys having their wages garnished, having more court costs accrue, or having statutory interest of ten percent per annum increase the amount owed. Certainly, a desire to end the adverse consequences of having a judgment pending is understandable. However, Mr. Wells's payment of the full remaining amount owed, following an inquiry as to the total amount owed, was a voluntary satisfaction of the judgment.
{¶ 10} There was no coercion or duress on the part of FirstMerit to pay the judgment. Rather, the action taken by Mr. Wells was the result of his own decision based upon his evaluation of the circumstances and the impact on him. Mr. Wells's decision on how to best proceed given these circumstances, while understandable, was not the result of duress and was voluntary on his part. See Blodgett at 246; Hagood v. Gail (1995), 105 Ohio App.3d 780, 789-790 (a determination as to whether an appellant has voluntarily satisfied a judgment cannot be based upon economic considerations or upon the initiation of enforcement proceedings); Grove City v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, at ¶ 15.
{¶ 11} Under the facts presented here, Mr. Wells's payment of the full remaining balance of the judgment against him constituted a voluntary satisfaction of judgment. Such satisfaction has rendered Mr. Wells's appeal to this court moot. Accordingly, FirstMerit's motion to dismiss the appeal is granted, and this appeal is dismissed.
Appeal dismissed.
BRYANT and BOWMAN, JJ., concur.
[1] All other claims were eventually dismissed.