This cause was heard upon the record in the trial court, and the following disposition is made:
{¶ 1} Appellant, Jerome Ginsburg ("Ginsburg"), appeals from the decision of the Medina County Court of Common Pleas. For the reasons that follow, we do not reach the merits of the assignments of error and dismiss the appeal.
 {¶ 2} As pertinent to the present appeal, on December 19, 1988, Bill Phillips dba Phillips Excavating Landscaping, Inc. ("Phillips") filed a mechanic's lien on certain real property owned by Ginsburg. In January of 2001, in order to facilitate the sale of said real property, Phillips and Ginsburg agreed Phillips would release his mechanic's lien and that $125,000 would be substituted and deposited in escrow with Exchange Place Title Agency. On September 11, 2001, the trial court entered judgment in favor of Phillips and, with regard to Phillips' breach of contract claim, awarded the amount of $50,730 with interest at the statutory rate of ten percent per annum from December 19, 1988. In response to the judgment entry, on September 14, 2001, Phillips filed a motion to disburse funds being held in escrow by Exchange Place Title Agency. Ginsburg filed a motion in opposition to the motion to disburse funds. On November 6, 2001, the trial court ordered Exchange Place Title Agency to distribute to Phillips the sum of $116,064.67 plus additional interest at the rate of $13.89 per day and to distribute to Ginsburg the balance of the remaining funds.
 {¶ 3} Thereafter, Ginsburg filed motions to stay the execution of the trial court's judgment ordering the disbursal of funds with this court. This court denied such motions, indicating that a motion for stay of the trial court's judgment should ordinarily first be made to the trial court pursuant to App.R. 7(A). On March 15, 2002, in response to Ginsburg's motion to stay the order of distribution, the trial court denied said motion. On March 27, 2002, Phillips filed a notice of satisfaction of judgment, indicating that he had received the amount of $50,730 with interest at the rate of ten percent per annum from December 19, 1988.
 {¶ 4} We first note that "[i]t is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. `Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.'" (Citations omitted.) Blodgett v. Blodgett (1990),49 Ohio St.3d 243, 245.
 {¶ 5} "Pursuant to Civ.R. 62(B), an appellant is entitled, as a matter of law, to a stay of execution pending appeal, provided that the appellant posts the supersedeas bond in the amount established by the trial court." LaFarciola v. Elbert (Dec. 8, 1999), 9th Dist. No. 98CA007134. "Once the appellant obtains the stay of execution, neither the trial court nor the non-appealing party is able to enforce the judgment." Id. "The lone requirement of Civ.R. 62(B) is the giving of an adequate supersedeas bond." State ex rel. Ocasek v. Riley (1978),54 Ohio St.2d 488, 489.
 {¶ 6} Ginsburg asserts that the principles regarding satisfaction of a judgment only apply when the satisfaction is voluntary and that, in the present case, the payment of the judgment was not voluntary. Specifically, he acknowledges that he did not file or attempt to file a supersedeas bond to stay the judgment pending the appeal, but cites toKrihwan Pontiac-GMC Truck v. General Motors Corp. (2001),145 Ohio App.3d 671 for the proposition that, when a party attempts to gain a stay but is unsuccessful in doing so, the satisfaction of the judgment is involuntary. Krihwan is distinguishable from the present appeal in that it pertained to a stay sought in an administrative appeal pursuant to R.C. 119.12. In other words, it was an appeal under the Administrative Procedure Act. In Krihwan, the Court distinguished between a stay sought under Civ.R. 62, which provides that a stay can be obtained as a matter of right if an adequate bond is given, and a stay sought under R.C. 119.2, which requires that a court find unusual hardship to the appellant. Id. at 676. The Court noted that the appellant had moved for a stay and held that the judgment in that case was not voluntary because there must be a showing of unusual hardship under R.C. 119.12 and the ruling on the stay in effect determined the merits of such a showing. Id.
 {¶ 7} Upon a review of the record, we note that, although Ginsburg had a `"viable legal remedy,"' he did not avail himself of such remedy.LaFarciola, quoting Hagood v. Gail (1995), 105 Ohio App.3d 780, 787. Ginsburg could have moved for a stay of execution pursuant to Civ.R. 62(B), but did not do so. Therefore, Phillips asserted the legal right to enforce the judgment with the assistance of the trial court. LaFarciola, citing Hagood, 105 Ohio App.3d at 785. Given Ginsburg's failure to seek a stay of the trial court's judgment pursuant to Civ.R. 62(B), we find that Ginsburg voluntarily satisfied the judgment of the trial court; accordingly, the appeal is moot. The appeal is hereby dismissed.
 {¶ 8} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
SLABY, P.J., CONCURS and CARR, J., dissents.